## Irons v. Steinberg

*Cletus P. Lyman,* for plaintiffs.
*Bernard Chanin, Barney Smolens, Peter Hein, Spencer Ervin* and *John Lewis, Jr.,* for defendants.

BULLOCK, *J.,* October 16, 1981 — Plaintiffs, shareholders of the Penn Central Corporation, have sued the corporation and various directors for certain allegedly improper conduct of the said directors with respect to their directorships.

Before us are the preliminary objections of the director defendants challenging this court's jurisdiction over them. It is conceded that they are nonresidents and jurisdiction is claimed by plaintiffs to have been obtained pursuant to the Judicial Code, 42 Pa.C.S.A. §5322, which reads in pertinent part as follows:

"§5322. Bases of personal jurisdiction over persons outside this Commonwealth

(a) General rule — A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a de-

ceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

. . .

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

. . .

(iv) Director or officer of a corporation."

It is clear that by its terms, Section 5322(a)(7)(iv) purports to give the Pennsylvania courts personal jurisdiction over all directors of all Pennsylvania corporations with respect to causes of action arising from their directorships.

Defendants contend that the above statutory provision is unconstitutional under the United States Supreme Court decision in Shaffer v. Heitner, 433 U.S. 186, 53 L.Ed. 2d 683, 97 S. Ct. 2569 (1977). We regard our first task herein is to interpret Shaffer. In Shaffer, the state of Delaware sequestered certain property of certain present and former officers of two corporations, in an action by a shareholder complaining of corporate management, (one corporation being wholly owned by the other). The case did not involve personal jurisdiction over the officers and directors, but the propriety of the sequestration law. The United States Supreme Court held the sequestration unconstitutional. In passing, the court considered an argument that the corporate roles per se of defendants in and of themselves warranted jurisdiction over them in a shareholders' suit. The court stated at 53 L.Ed. 2d, p. 703:

"Appellee Heitner did not allege and does not now claim that appellants have ever set foot in Delaware. Nor does he identify any act related to his cause of action as having taken place in Delaware. Nevertheless, he contends that appellant's positions as directors and officers of a corporation chartered in Delaware provide sufficient 'contracts, ties or relations,' International Shoe Co. v. Washington, 326 U.S., at 319, 90 L.Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057, with the State to give its courts jurisdiction over appellants in this stockholder's derivative action. This argument is based primarily on what Heitner asserts to be the strong interest of Delaware in supervising the management of a Delaware corporation. That interest is said to derive from the role of Delaware law in establishing the corporation and defining the obligations owed to it by its officers and directors. In order to protect this interest, appellee concludes, Delaware's courts must have jurisdiction over corporate fiduciaries such as appellants.

"This argument is undercut by the failure of the Delaware Legislature to assert the state interest appellee finds so compelling. Delaware law bases jurisdiction, not on appellants' status as corporate fiduciaries, but rather on the presence of their property in the State. Although the sequestration procedure used here may be most frequently used in derivative suits against officers and directors, Hughes Tool Co. v. Fawcett Publications, Inc. 290 A. 2d 693, 695 (Del. Ch. 1972), the authorizing statute evinces no specific concern with such actions. Sequestration can be used in any suit against a nonresident, . . . "

It further stated at 53 L.Ed. 2d, p 705: "Delaware, unlike some States, has not enacted a statute

that treats acceptance of a directorship as consent to jurisdiction in the State."

It thus appears that Delaware did not have a statute similar to our section 5322(a)(7)(iv), which specifically expressed a desire to make corporate officers amenable to suit, regardless of their residence. The act, which the Supreme Court invalidated, was extremely broad in its application, referring to "any complaint filed in the Court of Chancery." Moreover, it had been interpreted by the Delaware courts as not simply in rem statute, but as "a process used to compel the personal appearance of a non-resident defendant to answer and defend a suit brought against him in a court of equity." (p. 691). As so interpreted, the Delaware law could have based personal jurisdiction solely on the fact that a defendant owned property of trivial value in the state.

We believe that in our section 5322(a)(7)(iv), the Pennsylvania legislature has expressed the "state interest" lacking in Shaffer and has "enacted a statute that treats acceptance of a directorship as consent to jurisdiction in the State." Moreover, it seems perfectly reasonable to us that a state should have personal jurisdiction over a person who has voluntarily accepted a directorship in an entity created by the state with reference to causes of action arising out of the directorship.

In view of our interpretation of Shaffer, we need not consider other contentions made by plaintiffs.

## ORDER

And now, October 16, 1981, the preliminary objections of the various individual defendants are denied.